IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THELMA COLETTA                                                                                    PLAINTIFF

vs.                                          Civil No. 2:18-cv-02089

NANCY BERRYHILL                                                                                 DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Thelma Coletta ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability applications on July 6, 2009. (Tr. 127-135). In her applications, Plaintiff alleges being disabled due to lupus, thyroid problems, and back problems. (Tr. 171). Plaintiff alleged an onset date of April 30, 2009. (Tr. 172). These applications were denied initially and again upon reconsideration. (Tr. 73-76).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her denied applications. (Tr. 91-92). This hearing request was granted, and Plaintiff's first administrative hearing was held on June 29, 2010 in Fort Smith, Arkansas. (Tr. 32-72). Subsequent to this hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 17-31). Plaintiff appealed that decision to this Court, and Plaintiff's case was reversed and remanded back to the ALJ. (Tr. 647-655).

Subsequent to that remand, the ALJ held a second administrative hearing and the ALJ then entered an unfavorable decision on September 5, 2014. (Tr. 590-613). Plaintiff appealed that decision to this Court, and Plaintiff's case was reversed and remanded back to the ALJ. (Tr. 1464-1470).

Subsequent to the second remand, the ALJ held a third administrative hearing on October 3, 2017. (Tr. 1418-1432). The ALJ entered an unfavorable decision on February 22, 2018. (Tr. 1398-1408). In that decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 1401, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 30, 2009, her alleged disability onset date. (Tr. 1401, Finding 2).

The ALJ determined Plaintiff has the following severe impairments: disorders of the back post surgery; Lupus; right carpal tunnel syndrome post surgery; right long finger post synovectomy surgery; disorder of the left shoulder post surgery; and hypothyroidism. (Tr. 1401, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 1401, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.

(Tr. 1402-1406, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform sedentary work, except can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds; can occasionally balance, stoop, kneel, crouch, or crawl; cannot reach overhead with the dominant left arm or do away from the body work with the left arm (90 degrees in front); and can do no rapid repetitive flexion or extension of the right wrist. *Id.*

Considering her RFC, the ALJ determined Plaintiff was unable to perform any of her Past Relevant Work ("PRW") during the relevant time period. (Tr. 1407, Finding 6). The ALJ determined Plaintiff was forty-six (46) years old on her alleged onset date. (Tr. 1407, Finding 7). Such a person is categorized as a "younger person" pursuant to 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c). The ALJ determined Plaintiff had a limited education and was able to communicate in English. (Tr. 1407, Finding 8).

The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 1407, Finding 10). Vocational Expert ("VE") Montie Lumpkin testified at the administrative hearing regarding this issue. *Id.* Notably, the ALJ determined that a hypothetical person with Plaintiff's age, education, work experience, and RFC retained the capacity to perform work as a toy stuffer with 3,725 such jobs in the United States, a tile table worker with 2,892 such jobs in the United States, and as a eye glass frame polisher with 1,723 such jobs in the United States. *Id.* Accordingly, the ALJ determined Plaintiff retained the capacity to perform this other work. *Id.* Based upon this finding, the ALJ then found Plaintiff had not been under a disability, as defined in the Act, from April 30, 2009 through March 8, 2013. (Tr. 1408, Finding 11).

3

On May 18, 2018, Plaintiff filed her Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 7, 14, 27. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

4

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

Plaintiff brings the present appeal claiming (1) the ALJ erred in his Step 5 Findings and (2) the Administrative Record was incomplete. ECF No. 14, Pgs. 3-6. In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 27.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Plaintiff claims the ALJ erred because he cited the job numbers for the "United States" without regional numbers. ECF No. 14, Pgs. 4-5. Although the ALJ's job chart found in the decision is titled "U.S. Jobs", the ALJ relied on the VE's testimony that the job numbers were "within the national economy" not the United States. ECF No. 22, Pg. 1426.

The Plaintiff also argues the Administrative Record in incomplete. ECF No. 14, Pg. 5. However, on February 27, 2019, a complete administrative record was filed. ECF No. 22. The Court allowed Plaintiff until March 29, 2019 to file a supplemental brief, but Plaintiff chose not file a supplemental brief.

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th

Cir. 2010)(district court summarily affirmed the ALJ).

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **6th day of May 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE